# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALOME ANAVA TOVAR,<br><br>  Petitioner,<br><br>  v.<br><br>CRAIG KOENIG,[1]<br><br>  Respondent. | Case No. 1:18-cv-01214-DAD-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO AMEND CAPTION<br><br>(ECF No. 12) |

Petitioner Salome Anava Tovar is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2014 conviction in the Fresno County Superior Court for first-degree burglary. As the instant petition was filed outside 28 U.S.C. § 2244(d)(1)'s one-year limitation period and is unexhausted, the undersigned recommends granting Respondent's motion to dismiss and dismissing the petition.

**I.**

**BACKGROUND**

On March 14, 2014, Petitioner was convicted in the Fresno County Superior Court of one count of first-degree residential burglary. Petitioner was sentenced to a determinate

---

[1] Craig Koenig is the Acting Warden of the Correctional Training Facility, where Petitioner is currently housed, and has been automatically substituted as Respondent in this matter pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1

imprisonment term of seventeen years. (LD[2] 1). On May 3, 2016, the California Court of Appeal, Fifth Appellate District affirmed the judgment. (LD 2). Petitioner did not seek review in the California Supreme Court. (ECF No. 12 at 2).[3] Meanwhile, as Petitioner's appeal was pending, Petitioner filed a *pro se* petition for Proposition 47 resentencing in the Fresno County Superior Court on January 5, 2015. (LD 3). The petition was denied on March 21, 2016. (LD 4).

On September 4, 2018,[4] Petitioner constructively filed the instant federal petition for writ of habeas corpus. (ECF No. 1). On November 8, 2018, Respondent filed a motion to dismiss, arguing that the petition was filed outside the one-year limitation period and is unexhausted. (ECF No. 12). Petitioner has not filed any response to Respondent's motion to dismiss.

## II.

## DISCUSSION

### A. Statute of Limitations

1. <u>Commencement of the Limitation Period</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] "LD" refers to the documents electronically lodged by Respondent on November 29, 2018. (ECF No. 13).
[3] Page numbers refer to the ECF page numbers stamped at the top of the page.
[4] Pursuant to the mailbox rule, a *pro se* prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." <u>Hernandez v. Spearman</u>, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988).

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. As Petitioner did not appeal to the California Supreme Court, his judgment became final when his time for seeking review with the state's highest court expired. Gonzalez v. Thaler, 565 U.S. 143, 150 (2012). The time to seek review with the California Supreme Court expired on June 13, 2016,[5] forty days after the Court of Appeal's decision was filed. See Cal. R. Ct. 8.366(b)(1) ("[A] Court of Appeal decision . . . is final in that court 30 days after filing."); Cal. R. Ct. 8.500(e)(1) ("A petition for review must be . . . filed within 10 days after the Court of Appeal decision is final in that court."). The one-year limitation period commenced running the following day, June 14, 2016, and absent tolling, was set to expire on June 13, 2017. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

2. Statutory Tolling

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). On January 5, 2015, Petitioner

---

[5] Forty days after the Court of Appeal's decision, June 12, 2016, fell on a Sunday. Accordingly, the time to seek review continued to run until the next business day. See Cal. R. Ct. 1.10(a) ("The time in which any act provided by these rules is to be performed is computed by excluding the first day and including the last, unless the last day is a Saturday, Sunday, or other legal holiday, and then it is also excluded.").

3

filed a *pro se* petition for Proposition 47 resentencing in the Fresno County Superior Court, which denied the petition on March 21, 2016. (LDs 3, 4). However, as the Proposition 47 resentencing petition was filed and denied before the one-year limitation period commenced, Petitioner is not entitled to statutory tolling for the period during which this petition was pending. See Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008) (finding that a state habeas petition filed and denied before the federal limitations period began to run "ha[s] no effect on the timeliness of the ultimate federal filing").

Petitioner constructively filed the instant petition for writ of habeas corpus on September 4, 2018, more than one year after the limitation period expired. Accordingly, the instant federal petition is untimely unless Petitioner establishes that equitable tolling is warranted.

3. Equitable Tolling

The limitations period also is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of alleging facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418. Here, however, Petitioner has not made any showing that he is entitled to equitable tolling. Therefore, the instant federal petition was not timely filed, and dismissal is warranted on this ground.

**B. Exhaustion**

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

From the record before the Court, it appears that Petitioner has not presented his sole claim that his "conviction [was] obtained by admission of Petitioner's statements to police in violation of Miranda v. Arizona" to the California Supreme Court. (ECF No. 1 at 4). If Petitioner has not sought relief in the California Supreme Court for the claim that he raises in the instant petition, the Court cannot proceed to the merits of that claim. 28 U.S.C. § 2254(b)(1). Accordingly, dismissal also is warranted on this ground.

### III.

### RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that:

1. Respondent's Motion to Dismiss (ECF No. 12) be GRANTED; and
2. The petition for writ of habeas corpus be DISMISSED as untimely and unexhausted.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 8, 2019**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

5